FRANK BURKE, JR., *et al. vs.* EMMIT V. BALDWIN *et al.*

Argued June 9, 1893. Affirmed Sept. 7, 1893.

**Amendment of Pleadings after Trial.**

Under the provisions of 1878 G. S. ch. 66, § 124, a trial court, in the exercise of its proper discretion, may allow pleadings to be amended so as to raise new issues after the cause has been disposed of in this court on findings of fact and conclusions of law, and, as a necessary result of its power to permit such amendments, may grant a new trial. The court should act with great caution, however, on such applications.

**Judicial Discretion Rightly Exercised.**

*Held*, in the case at bar, that the court below acted within its discretionary powers when it granted defendants' motion for leave to amend their answer and their motion for a new trial of the new issues.

Appeal by plaintiffs, Frank Burke, Jr., Rufus P. Edson, and Wallace Warner, from an order of the District Court of St. Louis County, *Chas. L. Lewis*, J., made March 23, 1893, allowing defendants to amend their answer and granting a new trial.

Sextus Hoffman owned the northeast quarter of section seventeen (17) and the southwest quarter of section nine, (9,) T. 50, R. 14, lying in the northwest part of the city of Duluth, three miles back from the lake. On June 20, 1872, he mortgaged this three hundred

and twenty acres of land to Urs Tischer to secure the payment of $2,000 and interest. Tischer assigned the debt and mortgage September 6, 1873, to the Duluth Savings Bank. The instrument of assignment was absolute and unconditional in form, and was recorded September 16, 1873, in the Registry of Deeds of St. Louis County. It was in fact made to the bank to secure the payment by Tischer to it of $700 borrowed that day by him of the bank. He paid this debt August 4, 1874, and received from the bank a reassignment of the mortgage, but this reassignment was not recorded until December 7, 1874. Tischer commenced proceedings October 6, 1874, to foreclose the mortgage under the power of sale therein. The notice of sale did not mention or refer to the assignment or reassignment. The foreclosure sale was made November 23, 1874, fourteen days before the recording of the reassignment. Henry J. Bierman bid and became the purchaser of the land at the sale and received the sheriff's certificate. It was not redeemed, and he afterwards conveyed seventy (70) acres of it, lying in section seventeen, to the defendants, Emmit V. Baldwin, Martha A. Kingman, Martin Hollenbeck and Michael Eichen. The remaining ninety (90) acres in that section he conveyed to Hattie W. Backus and Louisa B. Smith. Sextus Hoffman died intestate in 1874, and his heirs conveyed to the plaintiffs all their right and title to both quarter sections. This action was commenced December 3, 1890, to establish plaintiff's title to the seventy acres, and remove the cloud created by the foreclosure proceedings. The defendants answered, stating the facts regarding the assignment and reassignment of the mortgage, and claiming its foreclosure to be valid. Those issues were tried and defendants had judgment April 26, 1892. But on appeal to this court, that judgment was reversed. This court held the foreclosure invalid. *Burke* v. *Baldwin,* 51 Minn. 181. After the action was remitted to the District Court the defendants there moved, upon affidavits and the record, for leave to file and serve an amended answer and for a new trial of the action. The amendment they asked leave to make was, to strike out the admission that the land was vacant and unoccupied, and insert in its stead that Bierman and his grantees had been in the actual possession of the land ever since the supposed right of redemption expired in November, 1875. That the foreclosure,

being invalid, the proceedings constituted a valid assignment of the mortgage to Bierman, and that he and his grantees took possession of the land with the consent of Hoffman's heirs and are mortgagees in possession, and that the time in which those heirs or their grantees could redeem, had expired.

The affidavits, stated among other things that for many years after Bierman got his supposed title by the foreclosure sale, the lands around this half section were mostly unoccupied and heavily timbered, with few roads; that Bierman was unmarried, had no family or relatives in the vicinity, and the facts as to his possession were difficult to prove. That in 1876 he built a log house on the land in section seventeen, and lived ·in it most of the time for a number of years thereafter; that he cleared and cultivated a small part of the land, and from time to time sold wood from it; that some years later Bierman sold the land, and went to Pennsylvania and died.

The court granted the motion, and from that order this appeal is taken. The remaining lands covered by this mortgage have been the subject of similar litigation. The grantees of the ninety (90) acres in section seventeen, (17,) Hattie W. Backus and Louisa B. Smith, commenced an action October 29, 1890, to determine the adverse claim of these plaintiffs to their land, and had judgment which was reversed in this court. *Backus* v. *Burke,* 48 Minn. 260. After that action was remitted to the District Court, the plaintiffs therein moved to amend their complaint, but were denied, and they appealed to this court, where the order was reversed. *Backus* v. *Burke,* 52 Minn. 109. Meantime Burke, Edson and Warner commenced an action against Henry M. Backus et al., to establish their title to the north half of said southwest quarter of section nine, (9,) and to remove the cloud created by the certificate of sale on the foreclosure. They had judgment in that case, and the defendants therein appealed, but the judgment was affirmed. *Burke* v. *Backus,* 51 Minn. 174.

*J. W. Bull* and *Edson & Hanks,* for appellants.

The defense set up in the amended answer is an entirely new one, and cannot be deemed in any sense an amendment of the

former pleading. It proceeds by confessing the facts stated in the complaint, and avoiding their effect by setting up a new title. It would indeed be a strange procedure if a party can litigate his case to a final judgment on one theory, and when the court of last resort reverses such judgment, can begin anew on another and wholly different theory. *Stark* v. *Starr*, 94 U. S. 477; *Bullis* v. *Cheadle*, 36 Minn. 164; *Landry* v. *Bangnon*, 17 La. 82; *Parsons* v. *Platt*, 37 Conn. 563; *Nelson* v. *Johnson*, 18 Ind. 329; *Brickley* v. *Walker*, 68 Wis. 563; *Grace* v. *McArthur*, 76 Wis. 641.

The defense now sought to be interposed by the defendants is, that they held the land in controversy as mortgagees in possession. All of the parties who made the affidavits in support of defendant's motion, are residents of the County of St. Louis, Minnesota; and no facts are set forth in any of the affidavits to explain why their testimony could not be had on the former trial with the exercise of even the smallest amount of diligence. *Knoblauch* v. *Kronschnabel*, 18 Minn. 300, (Gil. 272;) *Baze* v. *Arper*, 6 Minn. 220, (Gil. 142;) *Broat* v. *Moor*, 44 Minn. 468; *Hines* v. *Driver*, 100 Ind. 315; *Allen* v. *Bond*, 112 Ind. 523.

It is well settled that the right to redeem and the right to foreclose are reciprocal and commensurable, and also that where the holder of a mortgage has gone into possession as mortgagee, and so remains until the right of action to redeem is barred, he becomes vested with the absolute legal title of the mortgaged premises. But he must remain in possession. *Rogers* v. *Benton*, 39 Minn. 39; *Knowlton* v. *Walker*, 13 Wis. 264; *Waldo* v. *Rice*, 14 Wis. 286.

To constitute a mortgagee in possession he must be in possession by reason of the agreement or assent of the mortgagor or his assigns. He must have possession under the mortgage and because of it. *Rogers* v. *Benton*, 39 Minn. 39; *Jellison* v. *Halloran*, 44 Minn. 199; *Bitzer* v. *Campbell*, 47 Minn. 221. At the time of the attempted foreclosure the mortgagor was dead, leaving a widow and four children surviving him. Only one of these children was of age; the other three, ranging in age from four to fourteen, could not consent.

*W. W. Billson,* for respondents.

In the exercise of a sound discretion, the court may. even after judgment, allow the answer to be so amended as to raise a new issue with a view to a new trial; and this, even though the facts set up in the amendment were known to the defendant and his attorney at the time of trial. 1878 G. S. ch. 66, § 124; *Kennedy* v. *Waugh,* 23 Wis. 468; *Wicke* v. *Lake,* 21 Wis. 411.

The question whether such an issue could be raised by amendment after trial was not involved in any of the cases from Connecticut, Indiana, or Wisconsin, cited in appellants' brief. Under the suggestion made by the court in *National Invest. Co.* v. *National Sav. Ass'n,* 51 Minn. 198, it would have been no abuse of discretion on the part of the trial court to have ordered a new trial instead of entering judgment upon the former findings of fact, even in the absence of the motion to amend, and the affidavits setting forth the newly-discovered evidence.

The court exercised a sound discretion in granting a new trial upon the showing made by the affidavits. The claim that the defendants' grantors had acquired title to the land as mortgagees in possession rests upon the law of that subject as elaborated in the decisions of this court. *Holton* v. *Meighen,* 15 Minn. 69 (Gil. 50;) *King* v. *Meighen,* 20 Minn. 264, (Gil. 237;) *Parsons* v. *Noggle,* 23 Minn. 328; *Jellison* v. *Halloran,* 44 Minn. 199; *Rogers* v. *Benton,* 39 Minn. 39.

It is not necessary that possession by the mortgagee should be continuous. Once initiated it subsists for the purpose of this rule until it is displaced by the actual adverse possession of another. *Rogers* v. *Benton,* 39 Minn. 45. And a foreclosure sale, though abortive as such, will operate to assign the mortgage to the purchaser. *Jellison* v. *Halloran,* 44 Minn. 199; *Russell* v. *H. C. Akeley Lumber Co.,* 45 Minn. 376.

The time to foreclose the mortgage in question expired in June, 1888. This action was not commenced until December, 1890. The possession of Bierman would, upon acknowledged principles of law, extend to the entire tract in the absence of proof that he was claiming less. There is no doubt that Bierman's claim of posses-

sion must, in the absence of proof, be regarded as co-extensive with the boundaries of his tract as described in the mortgage under which he claimed.

COLLINS, J. The plaintiffs in this action, brought to determine an adverse claim to real estate, were the defendants in *Backus* v. *Burke*, 48 Minn. 260, (51 N. W. Rep. 284,) and the present defendants' claim of title (to part of the land included in the mortgage involved in that action) comes, through several mesne conveyances, from Bierman, who was the purchaser at the mortgage foreclosure sale. The defense set up in the original answer herein was exclusively made to rest on the validity of that sale, and, although an appeal was taken from a judgment entered in favor of these defendants in the court below, which resulted in a reversal, 51 Minn. 181, (53 N. W. Rep. 460,) the cause had really been disposed of by the decision in *Backus* v. *Burke*. After the case had been remitted to the trial court, plaintiffs moved for judgment upon the record, while defendants moved for leave to serve an amended answer, and for a new trial upon the ground of newly-discovered evidence. The proposed amendment to the answer consisted in setting up facts which, notwithstanding the invalidity of the foreclosure, would protect the defendants as mortgagees in possession of the mortgaged premises, while the matters set forth in the affidavits on which the motion for a new trial on the ground of newly-discovered evidence was based simply went to the support of the new defense. To state it briefly, the defendants undertook, after the cause had been disposed of here against them, to introduce an entirely new defense; and the evidence set forth in their affidavits, designated as newly-discovered in their motion for a new trial, might tend to sustain the new defense, but would have been irrelevant and inadmissible under the original pleadings, because wholly foreign to the issues. The court below denied plaintiffs' motion for judgment in their favor, and granted defendants' motion for leave to amend their answer, and for a new trial, and plaintiffs appeal.

The prominent and principal question to be considered, in our opinion, is the right of the trial court, in the exercise of its proper discretion, to allow the defendants to so amend their answer as

to raise and try a new issue. If this power existed, and the discretion of the court was not abused in this instance, it would seem (although we do not so decide) to dispose of plaintiffs' contention that upon the findings of fact originally made, and which were adequate in form, judgment should have been ordered on their motion as demanded in the complaint, and their further contention that a new trial should not have been granted on the ground mentioned in defendants' motion, nor on the showing made in their affidavits. It would seem to follow almost conclusively that if, at the time the court below granted the defendants' motion for leave to set up a new defense, it had the power so to do, and properly exercised it, a new trial upon the new issue resulted as a matter of course. No one will question the assertion that, as the cause stood when the judgment was reversed on appeal, the effect of the reversal (no other steps being permissible, or taken) was to send it back for the rendition of a proper judgment, because on the facts found the trial court had erred in its conclusion of law. If, however, the statute, 1878 G. S. ch. 66, § 124, which expressly confers authority upon the trial courts to allow amendments to pleadings "before or after judgment in furtherance of justice * * * by inserting other allegations material to the case," is broad enough, and was designed to cover a case like this, then, if the court below acted discreetly, the order appealed from must be sustained. The question was really settled in the affirmative in *City of Winona* v. *Minnesota Ry. Const. Co.*, 29 Minn. 68, (11 N. W. Rep. 228.) So we only need to consider whether in granting defendants' motion there was an abuse of discretion. Undoubtedly the amendment to the answer would have been regarded as one quite proper to be made had it been presented before or at the trial in the court below. It was not inconsistent with defendants' claim already set up that the mortgage was regularly foreclosed, and might have been incorporated into the original answer as an additional defense. Amendments of pleadings have always been allowed with much liberality, in furtherance of justice, and we think no court would have refused the one in question had the application been made prior to the first appeal to this court. We doubt very much if counsel for plaintiffs would have felt it worth while to resist such an application. Nor has the situation been

much changed by the fact that the attempt to amend was not made until the defendants had been defeated in their first position, or by the further fact that by the allowance of the amendment a new trial of the cause will be had on different issues. As was said in *City of Winona* v. *Minnesota Ry. Const. Co., supra,* amendments to pleadings must be allowed much more sparingly, and with greater caution, after trial than before. Evidently it would not do to allow trials to proceed piecemeal. The facts which actuated the court below seem to have been, as appears from the record, that Bierman, an unmarried man, who purchased at the foreclosure sale in November, 1874, built a log house and resided on the land in 1875. He continued to live there more or less up to 1882. It was not shown that he had a home elsewhere during these years. The land was of no value for agricultural purposes; so that it is apparent we could not expect any farming operations to be carried on. Bierman did, during the winter months, cut and sell wood while living on the land. From the year 1873 the taxes have been paid by Bierman, and his successors in interest. None were paid by the mortgagor, nor did he make any attempt to exercise acts of dominion over the land from the day of the execution of the mortgage down to the time he died, several years after Bierman built his house. Nor was it shown that he ever went near the land for any purpose. It was not necessary, in order that Bierman might become a mortgagee in possession, that the mortgagor should expressly consent that he enter into possession, for consent may be implied. Nor was it essential that the possession should be strictly continuous; nor was it material that possession should have been taken upon the mutual mistaken assumption that by a valid foreclosure the mortgagee had become the owner of the property. *Rogers* v. *Benton,* 39 Minn. 39, (38 N. W. Rep. 765,) and cases cited. Of course, if Bierman became a mortgagee in possession, it was of the entire tract of land attempted to be sold. Treating the affidavits as of value in supporting defendants' motion for leave to amend their answer, or as in support of a motion for a new trial on the ground of newly-discovered evidence pertinent to the proposed new issues, we care not which, we regard their contents as sufficient for either purpose. We do not wish to be understood, however, as holding that Bierman may be found to have been in

possession as a mortgagee upon proof of the bare facts stated in the affidavits. We conclude that the court below properly exercised its discretion when it permitted defendants to interpose an amended answer, and granted a new trial.

Order affirmed.

DICKINSON, J., took no part in this decision.

(Opinion published 56 N. W. Rep. 173.)