## DAVID SWANK v. AUGUSTUS K. BARNUM.[1]

January 20, 1896.

Nos. 9824—(163).

**Assumpsit—Amendment of Complaint.**

The complaint alleged that between certain dates the plaintiff, at the request of the defendant, performed work, labor, and services of the reasonable value of a named sum, which he promised to pay. The answer put in issue the value of the work, and within 20 days after the service of the answer the plaintiff, by order of the court, was permitted to amend his complaint so as to set up three causes of action: First, for services performed between the dates named upon an express promise to pay a given sum; second, for labor performed between the same dates upon a promise to pay a named price; third, for labor performed within the same time upon a quantum meruit for another sum,—the total being the amount named in the original complaint. *Held*, that the order was not error.

**Contract—Acceptance of Performance.**

The trial court allowed the plaintiff to give evidence, in support of his first cause of action, tending to show that additions and omissions were made to and in the work agreed to be done, and that the defendant accepted the work as it was actually done as a full performance of the contract; and, the defendant making no claim for any rebate on account of the omissions, the court charged the jury that, if the defendant accepted the work actually done as a full performance of the contract, the plaintiff was entitled to recover the contract price. *Held*, that the court did not err.

**Contract—Promise to Pay for Additional Work.**

Certain objections to the admission of evidence under the third cause of action alleged in the complaint, tending to show that the defendant agreed to pay extra for the additions made to do the work, considered, and *held*, that the evidence was properly received.

**Verdict Sustained.**

Evidence considered, and *held* to sustain the verdict.

Appeal by defendant from an order of the district court for Ramsey county, Otis, J., denying a motion for a new trial. Affirmed.

*Henry C. James*, for appellant.

*Palmer & Dickinson*, for respondent.

[1] Reported in 65 N. W. 722.

START, C. J. The original complaint alleged that, between November 1, 1893, and May 12, 1894, the plaintiff performed work, labor, and services for the defendant, at his request, of the reasonable value of $12,496.54, which he promised to pay, and that he has paid thereon $7,682.47. To recover the balance, $4,814.07, this action was brought. The answer put in issue the reasonable value of the work. The plaintiff, within 20 days next after the answer was served, was by order of the court permitted to, and did, amend his complaint by alleging three causes of action: First, for services performed between the dates named, upon an express promise to pay $6,000 therefor; second, for services between such dates, upon a like promise to pay therefor $998.40; third, for labor performed within the same dates, at the request of the defendant, of the reasonable value of $5,498.14. The amended complaint also alleged payments generally upon the several claims to the amount of $7,682.47, and demanded judgment for the balance, $4,814.07. The answer denied that the defendant agreed to pay any particular sum for any of the services and labor, or any sum, except what the same was reasonably worth, and put such reasonable value in issue. No claim was made in the answer that the work, or any part of it, was not done and completed according to contract. Verdict for the plaintiff for the full balance claimed, and the cause comes to this court on appeal from an order denying the defendant's motion for a new trial.

1. The defendant's first alleged error is that the amendment was not within the discretion of the court, because its effect was to add two new causes of action. The amended complaint did not substantially change the claim of the plaintiff set forth in the original complaint, and demands judgment for the same balance alleged to be due to the plaintiff for work and services. The amendment simply subdivides the original claim, and alleges that for portions of the work the defendant promised to pay a specific sum and for the balance its reasonable value. The court was authorized, in its discretion, to allow the amendment, and the discretion was not abused. Again, the plaintiff was entitled to make the amendment as a matter of right, as it was made within 20 days after the answer was served. G. S. 1894, § 5265. There could be no error

on the part of the court in permitting the plaintiff to do what he had a legal right to do without such permission.

2. The plaintiff's first cause of action, as shown by his bill of particulars and the evidence, related to the construction of a ditch from Lake Lambert to Lake Vadnais for the purpose of draining the former, and thereby improving the defendant's farm, which bordered upon and nearly surrounded Lake Lambert. There was an abandoned conduit between the lakes, and the defendant caused a survey and profile of the proposed ditch along this old conduit to be made. The profile indicated the original level of the bed of the old ditch or channel and the level of the bottom of the ditch to be excavated, and called for the construction of a ditch 5,963 feet in length,—1,776 lineal feet thereof to be a covered one, or a sluiceway, 8 feet wide at the top and bottom. The balance was to be an open ditch, 8 feet in width at the bottom, with sloping sides. The plaintiff's evidence tended to show that the parties hereto entered into a verbal contract whereby the plaintiff agreed to construct the ditch according to the profile for $6,000, to be done under the supervision and direction of the defendant's civil engineer; that he entered upon the execution of the work, and, as it progressed, springs and quicksand were encountered at points along the line of the open ditch, and it was agreed that a sluiceway should be substituted for the open ditch at such points, and the plaintiff was to be paid extra for such sluiceway at the same pro rata as under the contract; and that the plaintiff did put in 1,970 lineal feet of such extra sluicing. The plaintiff claimed to recover under the first count in his complaint $6,000, the contract price for constructing the ditch, and under the third count thereof the reasonable value of constructing the extra sluiceway, $1 per lineal foot.

The plaintiff claimed upon the trial that it cost just as much to make the earth excavation for the sluiceway as it would have cost to have constructed the open ditch at the points where the extra sluiceway was put in, although only about one-half as many cubic yards of earth were removed, for the reason that the extra cost of making the sides of the ditch perpendicular for the sluiceway offset any gain made in removing a less quantity of earth. A witness was called as an expert, who gave testimony, on his direct examination, tending to support this claim of the plaintiff, and to

establish the fact that the plaintiff gained nothing in the cost of earth excavation by the substitution of the extra sluiceway for the open ditch, and that it was worth $1 a lineal foot to construct the sluiceway. On the cross-examination of this witness the defendant asked this question: "Now, assuming that the amount of excavation called for under the original contract between these parties, that the open ditch was 16,406 cubic yards of earth excavation and 1,776 lineal feet of sluiceway, what percentage of the cost of doing that, making that same ditch as it was made, would, in your judgment, be added by making it with the sluice, instead of with the open ditch as originally contemplated? (Objected to as incompetent, immaterial, and not proper cross-examination.)" Two other questions of the same general character were asked the witness, to which the same objections were made. The court sustained the objections to each question, and defendant excepted. These rulings are the subject-matter of the defendant's assignments of error 13 to 15, inclusive.

If it was competent for the defendant to show the percentage of the increase in the cost of constructing the ditch with the extra sluiceway substituted for the open ditch over the cost of constructing it as originally planned, for the purpose of showing the corresponding percentage of increase in the contract price to which the plaintiff would be entitled, still the defendant could not show this on the cross-examination of this witness. On the direct examination the witness was questioned as to the cost of excavating the open ditch where the extra sluiceway was put in, as compared with that required for the sluiceway, and as to the reasonable value of putting in the latter. This comparison of cost was limited to the part of the ditch where the extra sluiceway was put in. The defendant's question included the entire length of the ditch, which the witness had not examined, and was not proper cross-examination; and, further, the witness was not shown to be competent to give an opinion as to the cost, comparative or otherwise, of the entire ditch. Again, the purpose of the question was not to show the percentage of increase of the contract price to which the plaintiff was entitled by reason of a corresponding percentage of increase in the cost of the work by reason of the change made in the plan of the same,—the only purpose for which the evidence was com-

petent. The defendant denied that there was any existing express contract to pay $6,000, or any other sum, for the work, but claimed that the whole work was done under an implied contract to pay the reasonable value of it. It is true that defendant's counsel stated that what he wished to show was "what per cent. it cost to do the work as it was done more than what it was contracted to be done," but this was not for the purpose of ascertaining the percentage of increase in the contract price to which the plaintiff was entitled by reason of the extra work. It is manifest from the record that the only purpose of the question was to pave the way for showing the actual cost of the whole work as planned, which was immaterial as the evidence then stood. The court did not err in sustaining the objections to the question.

3. The defendant's assignments of error, 2, 5, 10, and 11 make the point that it was not competent for the plaintiff to show the modification of the contract as to the extra sluiceway, and the reasonable value of his services therefor, because it was not the contract alleged in the complaint, but a modification not pleaded. If the complaint had set forth in detail all of the provisions of the original contract before it was modified, then the claim would be correct. But a contract may be declared upon as modified without alleging its original terms and then the subsequent modifications. The complaint simply alleges, as a first cause of action, that the plaintiff, at defendant's request, performed certain work, labor, and services, without other description, for him, for which he promised to pay to the plaintiff $6,000. The subject-matter of the contract is stated in the most general terms, and the allegations of the complaint are broad enough to include the work, labor, and services which were performed under the contract as modified. The evidence objected to was properly received.

4. The third alleged error is based upon the reception in evidence of a letter from the defendant's engineer to the defendant (Exhibit C). The letter is in the nature of a report and estimate of the work done by the plaintiff, and stating the amount to which he was entitled for extra work. The defendant admitted that he was to pay for the work on monthly estimates furnished by his engineer, and there was evidence on the part of the plaintiff that he presented to the defendant a bill for his work, to which the defendant made no

objections, but which he repeatedly promised to pay. This report, then, from the engineer, was proper evidence, tending to show, in connection with the other evidence in the case, that the defendant acted understandingly when he promised to pay the bill. He admits that the bill was presented to him after he had received the report of the engineer.

The fourth assignment of error is the alleged refusal of the court to permit defendant to answer the question whether he had any intimation, before the action was commenced, that the prices mentioned in the plaintiff's bill were not fair prices. The court refused to permit the question in this precise form, because it assumed a fact which there was no evidence then in the case tending to prove, viz. that the prices were not fair; and in connection with this ruling the court also ruled that the defendant might state whether he knew anything about the prices,—whether they were reasonable or otherwise. This was entirely fair, and the ruling correct. It was competent to show that, at the time the defendant promised to pay the bill, he was acting under a mistaken belief that the prices were fair and reasonable, if, in fact, they were otherwise; and the defendant was permitted to testify that, when he so promised, he did not know that the prices were not fair.

The court permitted the plaintiff, against the objection of the defendant, to answer the following question: "Did the ditch along this line, where it was changed from an open ditch to a sluiceway, produce a ditch substantially the same, as it was finally completed, with the sluiceway as it would have been if it had been completed by leaving it an open ditch?" Counsel for the defendant interprets this question to be whether an open ditch is substantially the same thing as a sluiceway, and therefore not a proper question for an expert to answer. It is not entirely clear what the question means. But, conceding that the interpretation given to it by counsel is the correct one, the ruling of the court in any view of the case was error without prejudice, for it would be a reflection upon the intelligence of the jury to assume that an opinion in answer to the question would or might have any weight with them. We agree with the defendant's counsel that "it did not require an expert to tell the jury that a hole 8 feet wide at the bottom and 26 feet wide at the top, and sloping sides of earth, was not the same thing as a box 8 feet wide

at the bottom, and with plank sides running perpendicular, making it 8 feet wide at the top; and the conclusion of an expert that it was the same thing would not affect it."

5. The seventeenth assignment of error is in these words: "The court erred in allowing the question whether plaintiff could recover on his first cause of action to go to the jury." This is based upon the defendant's exception to that part of the charge of the court submitting to the jury the question of the plaintiff's right to recover on his first cause of action. The defendant's claim is that the evidence shows that the plaintiff never performed his alleged contract. So far as this assignment of error is concerned, we have the simple question, did the court err in submitting this question to the jury?

It is substantially admitted by the plaintiff that no excavation was made on some 400 feet of the ditch, and that another portion of it was not excavated to the full width of 8 feet; but he claims that he was directed by the defendant to refrain from excavating at this point to the full width on account of anticipated trouble with adjoining property owners, and that the failure to complete the contract in accordance with the original plan was solely due to the fault of the defendant, who, by himself or his engineer, directed the work as it progressed, and that the defendant, after a full inspection and examination of the work, accepted it as a full performance of the contract. The defendant claims other omissions in the work,—among others, that the ditch was not down to grade. There was no claim made, in the answer or otherwise, for any rebate from the contract price by reason of any omissions in the work. The court instructed the jury, in substance: That, the plaintiff having declared upon an express contract whereby he was to receive $6,000 for the excavation and construction of the ditch, he must stand upon it, and if it was abandoned by the parties, so that the plaintiff was to be paid the reasonable worth of the work done, he must fail upon his first cause of action; but if the contract was not abandoned, but was in force, and the work done under it, and the plaintiff performed the terms of the contract, or the work that was done was accepted as a full performance of the contract, the plaintiff was entitled to a credit of the contract price. That if the work as done was accepted as a performance of the contract by the defendant, he is estopped to claim that the plaintiff has not per-

formed his contract.   There was evidence to go to the jury upon the question of the acceptance by the defendant of what was done by the plaintiff as a performance of his contract, and of the defendant's repeated promises to pay the full amount claimed by the plaintiff.   It follows, then, that the court did not err "in allowing the question whether the plaintiff could recover on his first cause of action to go to the jury," in the manner and subject to the limitations stated by the court.

6. Assignments 18 to 21, inclusive, are to the effect that the court erred in denying the motion for a new trial because the verdict was not justified by the evidence, and that the damages allowed are excessive.   We have given the evidence and the suggestions and computations contained in the brief of counsel for the defendant due consideration, and our conclusion is that the verdict is liberal; but upon the record and the evidence we cannot say that it is not sustained by the evidence, or that the damages are so excessive as to call for any interference by this court after the verdict has been · approved by the trial court.

7. The remaining assignments of error have received the attention of the court, and we find in the record no substantial or prejudicial errors, and the order denying a new trial is affirmed.