JOHN A. TODD v. WILLIAM J. BETTINGEN.[1]

November 15, 1907.

Nos. 15,273—(94).[2]

**Amendments to Pleadings.**

Liberality in allowing amendments to pleadings is greatest in the early stages of a lawsuit, decreases as it progresses, and changes to a strictness ordinarily amounting to a prohibition after the matters litigated have received the normally final sanction of an adjudication by the trial court, affirmed on appeal by the court of last resort.

**Same—After Affirmance upon Appeal.**

When that affirmance is of the trial court's order for judgment, it ordinarily amounts to a direction not to proceed to a determination, as in case of reversal on appeal, but to enter the judgment affirmed. After such affirmance amendments to the pleading which involve a new trial should not be allowed, except possibly in extraordinary cases, and then only when the proposed amendment sets forth, clearly and distinctly, a basis for relief which has not before been presented for judicial determination.

**Same.**

Plaintiff's original complaint, in an action begun in February, 1903, set forth facts without separate statement of causes of action, and sought different kinds of both equitable and legal relief. Upon demurrer, plaintiff amended. After issues had been joined, the trial court placed the cause on the jury calendar. Plaintiff again amended. Subsequently the

---

[1] Reported in 113 N. W. 906.          [2] April, 1907, term.

court, on motion, amended the complaint. On trial, the court directed a verdict for defendant. On appeal from an order denying a new trial, its conclusions were affirmed, viz., that the pleadings and the course of trial determined the action to be one at law to recover damages for the breach of a written contract void under the statute of frauds. The case was remanded. In November, 1906, the trial court allowed amendments which set forth a cause of action in assumpsit or in conversion, and granted a new trial. It is *held* that the case was not shown to have been within any possible exception to the normal rule prohibiting such an amendment at the time in question.

**Appeal.**

Pursuant to an order of the trial court allowing an amendment, plaintiff paid defendant $150 when the amended complaint was served. That sum was retained. Plaintiff made no motion on the first day of the term to strike from the calendar, or to affirm, or to dismiss, but, on the contrary, in many ways actively acquiesced in the appeal. It is *held* that defendant was not prevented from prosecuting his appeal.

Action in the district court for Hennepin county to recover $4,000 for the breach of a contract. The report on the former appeal will be found in 98 Minn. 170. From an order, F. V. Brown, J., granting plaintiff's motion to amend and supplement his amended complaint and for a new trial upon the framing of such issues as should be made upon such amended complaint, defendant appealed. Reversed.

*Harris Richardson* and *Harold C. Kerr,* for appellant.

*Wilson & Mercer,* for respondent.

JAGGARD, J.

Plaintiff's original complaint set forth facts without separate statements of causes of action, and sought different kinds of both equitable and legal relief. The trial court, after argument, placed the cause upon the jury calendar. On trial a jury was called. Having heard the testimony, the court disposed of the controversy as a matter of law and directed a verdict for the defendant. It subsequently denied plaintiff's alternative motion for judgment notwithstanding the verdict or for a new trial. From that order an appeal was taken to this court, which sustained the view of the trial judge that the pleadings and the course of trial determined the action to have been one at law

to recover damages for the breach of a written contract, that the contract was void under the statute of frauds, and that defendant was entitled to a directed verdict. Todd v. Bettingen, 98 Minn. 170, 107 N. W. 1049. After the cause had been remanded to the district court, plaintiff moved upon contested affidavits to amend his complaint. The clerk was restrained from entering judgment and taxing costs pending the hearing. The court allowed the amendment on terms. This appeal was taken by the defendant from an order granting plaintiff's motion.

The essential question presented is whether the trial court has power to grant an amendment to a complaint after a trial has been had upon the pleadings and a verdict directed, the alternative motion for judgment on the pleadings or for a new trial had been denied by the trial court, and the legal conclusions of the trial court had been confirmed by this court.

The right of the trial court to make amendments is recognized by statute and enforced by well-settled practice, permitting such amendments with great liberality, so as to properly determine the merits of legal controversies. The trend of modern judicial opinion is wholly opposed to allowing mere mistake in form to defeat the substantial rights of parties. The right of amendment in the earlier stages of the proceedings may be a matter of course. In later stages, amendments are liberally allowed for cause shown, upon application to and by leave of the court, upon terms, it may be. Some of the cases on which the plaintiff has laid emphasis have little more than this effect on the issues of this particular case. In Miller v. Watson, 6 Wend. 507, a declaration was amended after three trials at circuit, but when plaintiff was entitled to a new trial. And see Swank v. Barnum, 63 Minn. 447, 65 N. W. 722; Hardman v. Kelley, 19 S. D. 608, 104 N. W. 272; Esch v. Home, 78 Iowa, 334, 43 N. W. 229, 16 Am. St. 443. Even on or after trial, and verdict and judgment, such amendments are freely allowed as will cause the pleadings to sustain, not destroy, the verdict or order for judgment, by conforming their averments and prayer to the facts proved on trial, in order that a proper judgment may rest upon a technically correct foundation, as well as upon ade-

quate substantive proof. Some of the cases to which appellant refers are to this effect. See Thomas v. Hatch, 53 Wis. 296, 10 N. W. 393; Hansen v. Allen, 117 Wis. 61, 93 N. W. 805; Anderson v. First National Bank, 5 N. D. 80, 64 N. W. 114. Such cases are sui generis. The case at bar is not at all of that class.

It is undoubtedly true that where a conclusion has been reached by the trial court, and that conclusion has been reversed upon appeal, and the case remanded to the trial court for the very purpose of securing a judicial determination, the issues may, and generally must, in large measure, be tried de novo in that court. In the absence of any inconsistent ruling or any direction in the opinion of the court of last resort, and in the absence of other controlling consideration, the trial court may accordingly allow supplemental pleadings or amendments in its proper discretion, and, as a necessary result, grant a new trial and proceed to try the case accordingly. Most of the cases on which we understand that the appellant relies are of this class. See City of Winona v. Minnesota Ry. Const. Co., 29 Minn. 68, 11 N. W. 228; Burke v. Baldwin, 54 Minn. 514, 56 N. W. 173; Reeves & Co. v. Cress, 80 Minn. 466, 83 N. W. 443; State v. District Court of Ramsey County, 91 Minn. 161, 97 N. W. 581; North v. Nichols, 39 Conn. 355; Smith v. Sabin, 141 N. Y. 315, 36 N. E. 338. Even in these cases "amendments to pleadings must be allowed much more sparingly and with greater caution after trial than before. Evidently it would not do to allow trials to proceed piecemeal." Collins, J., in Burke v. Baldwin, 54 Minn. 514, 521, 56 N. W. 173.

Where, however, the decision of the trial court directing judgment, is affirmed, the ordinary result is that the litigation is ended. The losing party has no right to take a new start in that action, and to try de novo another controversy on the same or any other subject. He cannot thus tack two lawsuits together. He cannot experiment on one theory, and then try another in the same action, if the first is not upheld. This follows necessarily from the doctrines of estoppel by judgment and of res adjudicata. In logical order, the liberality in allowing amendments is greatest at the time the lawsuit is commenced, and steadily decreases as the suit progresses. It finally changes to a

strictness amounting ordinarily to prohibition after the matters in litigation have received the normally final sanction of an adjudication by the trial court, affirmed on appeal by the court of last resort. When that affirmance is of the trial court's order for judgment, it amounts to a direction not to proceed to a determination, as in case of reversal on appeal, but to enter the judgment affirmed. The trial court is not, ordinarily at least, justified in allowing an amendment after the case has been submitted and decided. See Hoatson v. McDonald, 97 Minn. 201, 106 N. W. 311. This accords with the general rule that the statutory grounds for a new trial are exclusive. Valerius v. Richard, 57 Minn. 443, 447, 59 N. W. 534. Counsel for defendant has collected many cases in this connection. An elaborate review of the authorities will be found in 6 Current Law, 1039. The conclusion is so obviously and necessarily true that we refrain from incumbering the record with citation of cases.

The control of a court over its own judgments is so nearly absolute that exceptions to this general normal rule may possibly exist. It may be that instances of fraud or oppression connected with excusable mistake or neglect, or of new and substantive facts entitling the successful party to increased recovery, or the like, constitute such exceptions, in order that the sanctity of the judgment should not operate as a safeguard to wrong and a barrier to justice. The principal authority in this connection to which we have been referred by plaintiff is Hatch v. Central, 78 N. Y. 487, approved in Ladd v. Stevenson, 112 N. Y. 325, 19 N. E. 842, 8 Am. St. 748. There the summons asked for the recovery of $8,000 and interest. The original complaint alleged the purchase of four treasury notes of $1,000 each, which were counterfeits. Plaintiff obtained judgment for the amount prayed, with interest. Judgment was entered and satisfied. Subsequently application was made to open the judgment, that plaintiffs might serve an amended complaint, adding a count setting forth the purchase of four other similar notes, which, it was claimed, were omitted from the original complaint by mistake. The court allowed the amendment, and on appeal it was held that the court had the power to grant the amendment, wherefore the order was not appealable. It is to be noted that

in this case and in the cases of Mechanics v. Minthorne, 19 Johns. 244, Crookes v. Maxwell, 6 Blatch. 468, Fed. Cas. No. 3,415, and Deane v. O'Brien, 13 Abb. Prac. 11, to which the court refers in support of its ruling, the judgments were opened to allow amendments which enlarged the cause of action or added to the extent of the possible recovery.

It is evident that the court should exercise its power to suspend an order for judgment entered, after the affirmance of the order or judgment on appeal, and should allow the pleadings in that action to be so amended and supplemented as to involve a new trial, if ever, in extraordinary cases only, and then only when the proposed amendment sets forth clearly and distinctly bases for relief which have not before been presented for judicial determination in the action in which the amendment is sought.

In the case at bar, if it be assumed that the power to amend the pleadings existed, no sufficient appeal was made to the discretion of the court. There is no extraordinary or exceptional feature to take it out of the ordinary course. On the contrary, its circumstances tend to invoke, not the exception, but the rule. In February, 1903, this suit was brought to recover $14,000. A demurrer was interposed and sustained. Plaintiff amended. Defendant answered. In April, 1904, the case went to trial. The case was continued to permit plaintiff to amend. In June, 1904, plaintiff amended his complaint and prayed for some $4,000 damages. In August, 1904, the court, on defendant's motion, amended the new complaint by striking out parts of it. Defendant again answered, and plaintiff replied. In May, 1905, for four days, the case was tried on the merits. On May 25, 1906, this court affirmed the decision of the trial court for defendant. The present amendments were allowed by order dated November 19, 1906. Defendant has named ten different opportunities which plaintiff had to take the course he now proposes. The correctness of that enumeration is not now material. Certainly the plaintiff has had superabundant opportunity to procure the amendment he now seeks. Defeated on appeal, but undaunted at the end of more than three years' strenuous litigation, he seeks to start anew and recover some $28,000.

It would appear that the merits of his present case—although, as will be set forth, we are not clear as to what that case is—has been determined adversely to him on demurrer.   Because of the difference in pleadings, and for other reasons, however, he may fairly be regarded as not precluded by that ruling.   On the former appeal he insisted that he had tried the case on three theories.   We are inclined to think that one of those theories was his present one.   It is certain, however, that the former suit was tried upon a theory of the case, and that he elected—although it may be that this was upon compulsion, and that the election was in effect only—the theory upon which it was tried.   By this theory of the case he may fairly be held to have been bound.   Davis v. Jacoby, 54 Minn. 144, 55 N. W. 908.   The various legal aspects of the facts have been fully and repeatedly considered. No surprise of counsel and no mistake of law appears, except such as occurs to every losing litigant.   The amendment at best seeks to try the same case on another theory.   What that theory is, is uncertain.   One essential part of the new allegations, in addition to those which set forth the rulings and result of appeal, was this: "That he [the defendant] did on or about the 26th day of April, 1900, wrongfully and unlawfully keep and convert the said stock [of the Independent Elevator Company] so received from plaintiff, and its value and proceeds over and above the value of $11,000, to his own use, and has ever kept and retained and now keeps and retains the same, excluding plaintiff therefrom, without consideration, to plaintiff's injury and damage in the sum of $20,500, with lawful interest from April 26th, 1900, which defendant promised and agreed to pay, but no part of which has ever been paid, although the same is long past due and duly demanded."   The complaint, as thus amended, was naturally regarded by counsel for defendant in preparing his brief as setting forth a cause of action in tort for conversion.   In his brief counsel for plaintiff insists that "we have properly declared on two counts, one specifically and the other upon a common count"—in indebitatus assumpsit.   We are not called upon to decide this controversy, nor to determine how far the amendments proposed are consistent with the facts proved. The plaintiff did not make out such an extraordinary case as called

for the exercise of the discretion of the court under the circumstances.

Plaintiff in his brief contends that defendant was estopped by the following facts: The order of the trial court required as a condition to the amendment that the plaintiff should pay to defendant's counsel, for the use and benefit of the defendant, within the time provided for the service of the amended and supplemental complaint, the sum of $150. This was on November 19, 1906. On November 22, 1906, the amended complaint was served, and a check for $150 to his order was left at the office of counsel for defendant during his absence. The check was indorsed by use of a rubber stamp. The money has been retained. The plaintiff contends that the reception and retention of this $150, which was not costs and disbursements, the payment of which could have been compelled, estopped the defendant from appealing. To this end he cites Lamprey v. Henk, 16 Minn. 362 (405); Buffalo Exp. Co. v. Strong, 101 Minn. 27, 111 N. W. 728. The record shows conclusively, however, that the plaintiff has avoided the effect of the estoppel, if it existed. Actively, and in many ways, he acquiesced in the prosecution of the appeal. He did not proceed under rule 10 of this court and move to strike the case from the calendar, or to dismiss, or to affirm. It is evident, under the circumstances, that the money should be returned to the plaintiff.

It is accordingly ordered that defendant may deposit with the clerk of the court, within five days of the time of filing this order, a certified check for $150, with interest thereon at the rate of six per cent. per annum from the 22d day of November, 1906, payable to the order of counsel for the plaintiff, or that defendant may so file a receipt from said counsel for the sum paid him as aforesaid, whereupon judgment may be entered reversing the action of the trial court in accordance herewith.

BROWN and ELLIOTT, JJ. (dissenting).

In our judgment it was not an abuse of discretion to allow the complaint to be amended.