MAXIMILIAN KAISER *vs.* CHARLES ALEXANDER & others.

Suffolk.    November 9. — 10, 1886.    HOLMES & GARDNER, JJ., absent.
          January 11. — 12, 1887.    HOLMES & GARDNER, JJ., absent.

CHARLES ALEXANDER & others *vs.* MAXIMILIAN KAISER.

Suffolk    Jan. 17. — Feb. 25, 1887.    HOLMES & GARDNER, JJ., absent.

On a petition to prove exceptions, this court may, in its discretion, on the filing of the report of a commissioner to whom the petition has been referred, recommit the report to the commissioner, with directions for him to report the evidence, although the party who moves that this be done did not at the hearing before the commissioner request him to report the evidence.

After the filing of the report of a commissioner, to whom a petition to prove the truth of exceptions has been referred, it is too late to object that the petition is not verified in accordance with the 30th rule of this court.

In an action for goods sold, books of original entries, supported by the suppletory oath of the person who made the entries, are not admissible in evidence to prove to whom credit was given.

THE FIRST CASE was a petition, filed March 25, 1885, to establish the truth of exceptions alleged by Maximilian Kaiser in an action brought against him by Charles Alexander and others, and disallowed by *Blodgett*, J., who presided at the trial in the Superior Court, and who allowed a different bill of exceptions.

The petition was signed " Maximilian Kaiser, by his attorney S. A. B. Abbott," and had annexed to it the following jurat, signed by a justice of the peace: " Then personally appeared the above-named S. A. B. Abbott, and made oath that the facts set forth in the foregoing petition, and all the allegations by him subscribed, are true to the best of my knowledge and belief."

The bill of exceptions as tendered by the petitioner was as follows:

" This was an action of contract. The declaration and answer are referred to and made part of this bill of exceptions. The declaration consists of a single count upon an account annexed. All but three of the items in the account annexed are for goods sold and delivered by the plaintiffs to the defendant. The three last items are as follows:

" ' Frost note, $34.55; protest, $1.31 . . . $35.86
Judgment on Howard A. Tucker . . . 12.21
Interest . . . . . . . . . . . . . 560.00.'

" At the trial the defendant contended that, if the goods described in the declaration were sold by the plaintiffs, they were not sold to him, the defendant. Among other evidence tending to prove that these goods were sold and delivered to the defendant, the plaintiffs offered their books of original entry, supported by the suppletory oath of the clerk who made the entries. The defendant objected to the admission of the entries in these books for the purpose of showing that credit was given to the defendant for the goods in question, but the presiding justice admitted the books for this purpose, as well as for the purpose of showing a delivery of the goods, and to this ruling the defendant excepted. Before the plaintiffs began to put in their case, the defendant notified them and the court that he should object to the admission of any evidence in support of the three items before set forth, on the ground that nothing was recoverable upon them under the pleadings.

" To prove the item, ' Judgment on Howard A. Tucker,' the plaintiffs offered evidence tending to prove that they made an agreement with the defendant to sue one Tucker, upon a claim that the defendant had against Tucker, if the plaintiffs would pay the expenses of the suit; that they caused suit to be brought against Tucker and obtained judgment therein for the benefit of the defendant, and that they paid the sum set forth in the item for the services of the attorney who conducted the suit. The defendant excepted to the admission of this evidence.

" To prove the item, ' Frost note,' etc., the plaintiffs offered in evidence a note purporting to be made by one Frost, payable to the order of the defendant and by him indorsed in blank, together with evidence tending to show that they were holders of said note. The defendant objected to the admission of this evidence, upon the ground that it was inadmissible under the pleadings; but the presiding justice admitted it, and the defendant excepted to this ruling.

" Under the item, ' Interest,' the plaintiffs contended that they could recover interest in the nature of damages for the detention of money due them on the account sued upon, after demand

made before the bringing of the action, and offered evidence, which was objected to by the defendant, but admitted by the presiding justice, tending to prove a demand. To the ruling admitting this evidence the defendant excepted. The defendant contended that under the pleading no interest in the nature of damages could be recovered before the date of the beginning of this suit, and offered no evidence under this item. The presiding justice ruled, against the objection of the defendant, that interest in the nature of damages was recoverable, under the pleadings, for the detention by the defendant, before the bringing of this action and after demand made, of money due by the defendant to the plaintiffs. To this ruling the defendant excepted. A verdict was found for the plaintiffs, and the damages were assessed in the sum of $2174.22.

"The defendant, being aggrieved by the foregoing rulings and refusals to rule, excepted thereto, and prays that his exceptions be allowed."

The bill of exceptions allowed by the judge was as follows:

"This was an action of contract. The declaration and answer are referred to and made part of this bill of exceptions. The declaration consists of a single count upon an account annexed. All but three of the items in the account annexed are for goods sold and delivered by the plaintiffs to the defendant. The two last items are as follows:

"' Judgment on Howard A. Tucker . . . $12.21
Interest . . . . . . . . . . . . . 560.00.'

"Before the plaintiffs began to put in their case, the defendant notified them and the court that he should object to the admission of any evidence in support of the two items before set forth, on the ground that nothing was recoverable upon them under the pleadings. To prove the item, 'Judgment on Howard A. Tucker,' the plaintiffs offered evidence tending to prove that they made an agreement with the defendant to sue one Tucker upon a claim that the defendant had against Tucker, if the plaintiff would pay the expenses of the suit; that they caused suit to be brought against Tucker, and obtained judgment therein for the benefit of the defendant; and that they paid the sum set forth in the item for the services of the attorney who conducted the suit. The defendant excepted to the

admission of this evidence. There was evidence tending to prove, and the court found, that the goods were sold ·by the plaintiffs to the defendant upon a credit of sixty days from the dates of the respective sales, and that at some time after the expiration of more than sixty days from the date of the last sale, and before July 1, 1878, the plaintiffs called the attention of the defendant to the account, and demanded payment; the defendant asked the court to rule that, upon their evidence, the plaintiffs were not entitled, upon the declaration, to receive interest, except from the date of their suit. But the court declined to rule as requested, and, in assessing damages, allowed the plaintiffs the sum of four hundred and fifty-six dollars for interest, from July 1, 1878, to the date of the suit. To the refusal to rule as requested, and to the allowance of said sum and interest, the defendant excepted. The plaintiffs, in the closing argument of their counsel, claimed interest only from the time when payment was demanded of the defendant; and the only ground for the recovery of interest prior to the date of the suit, which was discussed by counsel on either side, was that payment was demanded as before stated, and refused by the defendant. The court found for the plaintiffs, and ordered damages in the sum of $2174.22.

" The defendant, being aggrieved by the foregoing rulings and refusals to rule, excepted thereto, and prays that his exceptions be allowed."

On November 11, 1885, the petition was referred by this court to a commissioner, " to hear the parties, settle the truth of the exceptions, and report thereon to the court."

On November 3, 1886, the commissioner filed his report, in which he stated that he found the bill of exceptions tendered by the petitioner to be true.

On November 9, 1886, the respondents moved that the petition to prove the exceptions be dismissed, on the ground that the jurat attached thereto did not comply with the 30th rule of this court. The respondents also moved, if the motion to dismiss the petition should be overruled, that the report be recommitted to the commissioner to report the evidence on which he based his finding.

*S. Hoar*, for the respondents.

*S. A. B. Abbott*, for the petitioner.

MORTON, C. J. Upon examining the papers it appears that the only material respect in which the bill found by the commissioner differs from the bill as allowed by the judge, is as to the exception found to have been taken in regard to the Frost note for $35.86, and as to the exception as to all the items, except the three hereafter mentioned, to the admission of the original books of entries supported by the suppletory oath of the clerk. In other respects, the two bill are in legal effect the same.

As to the item, " Judgment on Howard A. Tucker," the two bills are identical even in words. As to the item of interest, the bill allowed by the judge fully reserves to the defendant the question whether this could be recovered under the pleadings. This is the same question involved in the exception to the admission of evidence of a demand. The latter exception is therefore immaterial.

A petition to prove exceptions is exclusively within the jurisdiction of the full court. For convenience, a commissioner is appointed to aid the court in this duty, but a party has the right to have the full court revise the findings of the commissioner, if he takes proper steps to have the evidence taken reported to the full court if there is a conflict of testimony. *Ela* v. *Cockshott*, 119 Mass. 416. Whether the respondents might not be deemed to have waived this right by failing to ask the commissioner to report the evidence, we do not discuss. There is no rule of court on the subject, and, as matter of discretion, we think it is just that they should have the evidence reported, if the commissioner is able to report it. If the commissioner is not now able to do so, upon its so appearing we will consider what are the rights of the parties, and what ought to be the discretion of the court.

But no sufficient reason is shown for reopening the case before the commissioner for any other purpose, and there is no occasion for reporting the evidence upon immaterial points, or upon points in which the commissioner agrees with the judge of the Superior Court.

As to the verification of the petition, it is informal, and would be held insufficient if brought to the attention of the court in due season; * but the respondents have waived their right to

---

* See *Hadley* v. *Watson*, 143 Mass. 27.

object to it, and we think it would be unjust to set aside the commissioner's report at this late stage of the case.

The petition may be recommitted to the commissioner to report the evidence upon the two exceptions found by him and not allowed by the judge ; namely, that as to the admission of the books and that as to the Frost note.   Under the circumstances, the commissioner ought to be requested to make an immediate report.                              *Report recommitted.*

The case was thereupon recommitted to the commissioner, " to report, if he is able to do so, the evidence upon the two exceptions found by him and not allowed by the judge, namely, that as to the admission of the books, and that as to the Frost note."

On December 30, 1886, the commissioner filed the following report :

" Upon the foregoing order the undersigned respectfully reports :

" After the original reference to the commissioner of this cause, the time first appointed for hearing the parties was Monday, December 28, 1885.   The commissioner was thereupon requested by the counsel for Alexander to change the appointment to a Saturday, in order that the judge before whom the cause was tried might be present.   The hearing was eventually had on Saturday, October 30, 1886, after notice of several days more than a week to Alexander's counsel.

" At this hearing the counsel who defended the action in the Superior Court for the petitioner was called for the petitioner, and testified, in substance, that one of the questions at the trial was to whom credit had been given for the goods sued for ; that the plaintiffs 'called as a witness one of their clerks, who produced their books of account; that before this clerk testified, he, said counsel, objected to the admission of the books for the purpose of showing to whom credit had been given ; that the judge overruled the objection ; that said counsel asked the judge to save him an exception, and asked the judge to note it and the judge said he would; that several times thereafter during the trial, whenever said books were used, he called attention to his objection to the use of them for the purpose of showing to whom credit had been given.

" Said witness also testified, in substance, that, before any evidence was introduced at the trial, he stated that he should object to evidence in support of the item, ' Frost note $34.55, protest $1.31, $35.86,' because not properly declared on ; that when evidence was offered in support of this item he did object to it, and, his objection being overruled, asked the judge to save his exception.

" Said witness further testified, that, at the end of the trial, he asked the judge whether his said exceptions above recited, specifying them, had been with others saved and noted, and the judge said they had been.

" The petitioner then called a witness, who testified that he had taken notes at the trial for the defendant's counsel, and who then gave evidence corroborating in all material particulars the evidence given by the defendant's counsel as hereinabove stated.

" In reply to this evidence the counsel who tried the case for the plaintiffs in the Superior Court testified, in substance, that the said books of account were, long before the trial, shown to the defendant's said counsel, and that no objection of any sort or kind was made to them during the trial that he recalled ; that with regard to one of the notes no objection was made to that; and further added, ' I can't remember which one of the notes.'

" No other evidence was introduced or offered to meet the petitioner's evidence as to the exceptions to the admission of the books and of the Frost note, except the two bills of exceptions ; namely, the one originally filed by the petitioner, and the one allowed by the judge. There was no evidence to show by whom the alterations, obliterations, and additions which now appear in the former were made, but it seemed to be assumed that they were made by the presiding judge. On the other hand, both the said witnesses called for the petitioner testified that, at a hearing before the judge on the question of allowing the exceptions, the judge said that, in a certain contingency, he would allow the whole bill of exceptions as originally filed, and this evidence was not met with a positive denial by the single witness called on the other side, who, it appeared, had been present at the hearing spoken of.

" The judge's note-book was not produced, nor was any offer made to produce it, and, although in his closing argument the

petitioner's counsel, in commenting on this circumstance, asserted that the judge's minutes would probably show that the exceptions were taken as alleged and claimed, no request was made for an opportunity to produce the note-book before the commissioner, but the opposing counsel contented himself with remarking that the commissioner could go and look at it if he wanted to."

The question whether the exceptions should be allowed was then argued by the same counsel.

THE COURT held that the truth of the exceptions as tendered had been proved.

THE SECOND CASE was the exceptions as proved.

*J. G. Abbott & J. S. Dean*, for Kaiser.

*C. A. Welch*, for Alexander and others.

MORTON, C. J. It is settled in this Commonwealth, that, although the books of original entries of a party, supported by the suppletory oath of the person who made the entries, are admissible to prove the sale and delivery of goods, such books are not competent to prove to whom credit was given where that fact is in issue. *Keith* v. *Kibbe*, 10 Cush. 35. *Gorman* v. *Montgomery*, 1 Allen, 416. *Dexter* v. *Booth*, 2 Allen, 559. *Field* v. *Thompson*, 119 Mass. 151.

In the case before us, one of the issues was whether the goods sued for were sold to the defendant, and upon his credit. Upon the authority of the cases above cited, we are of opinion that the learned judge who presided in the Superior Court erred in ruling that the books of the plaintiff were competent for the purpose of showing that the goods were sold upon the credit of the defendant.

As this makes a new trial necessary, it would not be useful to discuss the other questions raised by the bill of exceptions. They are all mere questions of pleading, and the objections raised by the defendant can be obviated by amendment.

*Exceptions sustained.*