## D. B. ISHAM & another *vs.* HENRY W. BURGETT.

Suffolk.   November 16, 1892. — January 4, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Contract — Written Order — Oral Instructions as to charging Merchandise — Election by Plaintiffs.*

In an action for the price of merchandise sold for the use of an electric light company, the judge found as a fact that the contract was made by the defendant. The testimony was that the defendant gave a written order, signed by him in such a way as to charge him on its face, and orally instructed the plaintiffs to charge the goods to the company. The company was incorporated when the order was given, but no capital had been paid in. The defendant and another person built the whole electric line with their own funds, keeping the account in which the plaintiff's debt appeared among others in their own books, and afterwards received substantially all the stock of the company in payment for it. *Held,* that whether or not the form of the order was enough, without more, to warrant the finding, supposing the company to have been the principal, in view of the charge to the company upon the plaintiffs' books, the judge was warranted in finding that the real principal as well as the mouthpiece of the transaction was the defendant, so that although he used the name of the corporation in such a way as to bind it to the plaintiffs at their election, still, when they had discovered the facts, they had the right to recover of him.

HOLMES, J.   This is an action for the price of poles sold for the use of an electric light company. The defendant contended that the company alone was liable, and asked a ruling to that effect. The judge before whom the case was tried found as a fact that the contract was made by the defendant, and the only question is whether there was any evidence warranting the finding. The testimony was, that the defendant gave a written order, and orally instructed the plaintiffs to charge the goods to the company. The order, when produced, appeared to be signed by the defendant in such a way as to charge him on its face. *Brown* v. *Bradlee,* 156 Mass. 28. *Huntington* v. *Knox,* 7 Cush. 371, 374. It appeared that the company was incorporated when the order was given, but that no capital had been paid in. The defendant and one Turner built the whole electric line with their own funds, keeping the account in which the plaintiffs' debt appeared among others in their own books, and afterwards received substantially all the stock of the company in payment

for it. Whether or not the form of the order was enough, without more, to warrant the finding, supposing the company to have been the principal, in view of the charge to the company upon the plaintiffs' books, (*Raymond* v. *Crown & Eagle Mills*, 2 Met. 319, 324, *James* v. *Spaulding*, 4 Gray, 451, *Lee* v. *Wheeler*, 11 Gray, 236, and *Banfield* v. *Whipple*, 10 Allen, 27, 31,) the judge was warranted in finding that the real principal, as well as the mouthpiece of the transaction, was the defendant, so that, although he used the name of his creature, the corporation, in such a way as to bind it to the plaintiffs at their election, still, when they discovered the facts, they had the right also to go against him. The judge may have found that the plaintiffs did not discover the facts until the trial; that until then they supposed that the corporation was the true purchaser, and sought to charge the defendant with the contract on a different ground. If the defendant saw fit to use the name of the corporation on his own behalf, as representing himself when engaged in a particular business, he cannot complain of being held if the fact happens to be discovered. *Sloan* v. *Merrill*, 135 Mass. 17, 19.

*Exceptions overruled.**

*C. R. Darling*, for the defendant.

*D. A. Dorr*, for the plaintiffs.

---

* The order above referred to was as follows:

" Boston, Aug. 23, 1888.

" D. B. Isham & Son, Boston, Mass. :

" Gentlemen, — Please furnish poles as follows: F. O. B., Dover, N. H.

100 poles, 30 feet long, 6 inches at top.
115  "   35  "   "   7  "   "
10  "   40  "   "   7  "   "

These must be straight and well trimmed, and first-class in every respect.

"H. W. Burgett."

" Mark.   The Dover Electric Light Company.

" Prices as follows:

30 — 6 inches.   $2.50.
35 — 7  "        3.50.
40 — 7  "        4.50.