REEVES & COMPANY v. NICK CRESS and Others.[1]

July 16, 1900.

Nos. 12,183—(155).

### Pleading—Amendment—Evidence.

It is within the sound discretion of the trial court to permit a pleading to be amended after a new trial granted by this court, and in such case the original pleading may be used as evidence on the second trial, but does not, as an admission, conclude the party who made it. Its weight is in such cases an issue of fact.

### Contract—Explanation of Ambiguous Terms.

When ambiguous and unintelligible terms or words are used in a written contract, it is proper to show in what sense the same were so used and understood by the parties.

### Written Contract—Pleading Fraud.

Upon an issue which does not set out or in any way indicate the existence of a writing, which is, without notice, produced at the trial to support such issue, it cannot be required that the opposite party shall anticipate its production, and allege in his pleading fraud in its procurement, in order to introduce evidence of such fraud.

### Sale on Trial—Authority of Agent.

An agent to sell property, and contract for its acceptance in the future, has authority himself, or through a subagent, to request the purchaser to retain the property sold on trial for a longer time, before the same is accepted.

### Failure to Furnish Article Purchased—Damages.

When, upon good consideration, a party agrees to furnish a certain article for an agreed price, and fails to do so, the intended purchaser may procure the same at its reasonable value in the market, and have his action against the promisor for the difference between the price for which he was to have such article and the price he was obliged to pay for it.

### Assignments of Error.

The remaining alleged errors which have been considered are *held* unimportant, and insufficient to require especial notice.

[1] Reported in 83 N. W. 443.

Action in the district court for Mower county to recover $740 for goods sold and delivered. Defendants by amended answer set up a counterclaim. The case was tried before Kingsley, J., and a jury, which rendered a verdict in favor of defendants for the amount claimed. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*John M. Rees*, for appellant.

*Lafayette French* and *A. W. Wright*, for respondents.

LOVELY, J.

This is the second appeal of this action. On the former review (73 Minn. 261, 76 N. W. 26), it was reversed for error in the reception of testimony. The suit is maintained to recover the purchase price of a threshing outfit, consisting of a Reeves separator, wind stacker, weigher, and feeder, conditionally sold by plaintiff to defendants. Defendants, subsequent to the last trial, with leave of court, amended their answer, setting up a counterclaim which had not been previously pleaded, but upon which they recovered a verdict in this suit for the amount claimed therein, and this appeal is from the order denying the plaintiff's motion for a new trial.

One George Duffy was plaintiff's agent at Austin for the sale of its machinery. He negotiated with the three defendants, who were partners, for the sale to them of the threshing rig, which was delivered under an agreement signed by two of them. It is as follows:

"July 29, 1895.

Nick Cress, Rob Collins, and P. Bumgart: To one Reeves 36x60 sepr., Nethery's wind stacker, weigher, feeder, for their Adv. sepr., feeder, bagger, and Reeves stacker, and $740.00 in cash, on or before Jan. 1st, 1896. If said new rig fails to fill the bill or give satisfaction, Duffy to put on Parson's feeder on Adv. or Reeves at $150, and take away said new rig, and said company of Cress & Co. owes said Duffy nothing.

Robert Collins.
Nicollas Cress."

Upon the trial the agent, Duffy, stated, in explanation of the latter portion of this memorandum, that it was intended to mean that,

if the machinery failed to satisfy defendants, plaintiff was to put a Parson's feeder on an old Advance separator, owned by the defendants, for $150, and to take away the new outfit, in which case the defendants were not to pay for the same. Defendants received the machinery, used it for several weeks, and then returned it to the place where it was delivered, refusing to accept it, upon the claim that, after reasonable trial, it failed to give satisfaction, and could not be made to do good work, and they now place their right to recover their counterclaim on the ground that they purchased a feeder in place of the one to be furnished by plaintiff, but were compelled to pay for it $215, or $65 more than by the terms of the written agreement they were to give in case of the failure and return to the vendors of the threshing outfit.

The substantial contention between the parties in this case is practically upon the acceptance by defendants of the machinery set forth in the written agreement. Numerous assignments of error, fifty-seven in number, express in varied forms the points which plaintiff urges to secure a reversal of the order of the trial court. We shall consider such assignments only as seem to be of sufficient merit to require our attention.

Between the first and second trials defendants were allowed to amend their answer by pleading the counterclaim referred to, and, as counsel for plaintiff contends, in other respects substantially changing the nature of the defense. The answer upon which the case was previously tried alleges a conditional sale to the defendants, with a privilege to return the property if it failed to give satisfaction, while the amended answer alleges facts showing a right to refuse to accept the machinery if it failed to give satisfaction within a reasonable time. The amendment was allowed, and in passing upon this matter we need only remark, what has already been held by this court, that such amendment was within the exercise of a sound judicial discretion by the trial court, and we see no reason in this case for interfering with its order in this respect. Burke v. Baldwin, 54 Minn. 514, 56 N. W. 173.

It is insisted, however, that by the first answer defendants elected to treat the transaction as a sale, and are bound by that election. If we are able to discriminate between the subtle distinctions of

counsel between the first and second answers,—between a conditional sale, with right in vendee to a return if not satisfactory, and an agreement to purchase if satisfactory,—which is somewhat difficult so far as practical results are concerned, we could not hold that admissions in a pleading which is afterwards amended were so controlling as to conclusively bind the party making them. Under our system of procedure, and the well-settled rules authorizing amendments, the court exercises a broad, and sometimes generous, latitude in this respect, and it is the pleading in such cases, as finally adopted, that contains the only binding and the conclusive admission upon the parties; and, while previous allegations may be treated as evidence, yet, from the very nature of the power exercised by the court in granting amendments, only such averments therein as are final, and proceeded upon in the trial, can be regarded as conclusive. 1 Jones, Ev. § 278; In re Hess' Estate, 57 Minn. 282, 59 N. W. 193. And since it is conceded that the answer sets forth a defense under which the defendants might show that they had taken the machinery, retained it a reasonable time, given it a fair trial, and, finding it would not do good work, had refused to accept it, then returned it to the place where it was delivered, this defense must be treated as embracing the real issue in the case, without being controlled by the previous pleading.

Objection was made to an explanation by a witness (Duffy) of that part of the written agreement which was not intelligible. Sufficient evidence of this kind was given by Duffy before any objection was made to the same, but there is unquestionably a necessity for the explanation given. The evidence of Duffy in this respect was proper, and is not obnoxious to the objection that it was a variance in the terms of a writing; for it related only to that part of this agreement which was so ambiguous as to require explanation. Besides, there was no question in this case but that the explanation expressed the real agreement between the parties. Tufts v. Hunter, 63 Minn. 464, 65 N. W. 922.

After the machinery had been delivered to the defendants, and while they were using it, a written statement was given by one of the defendants to plaintiff's agent, expressing full satisfaction with the machinery. Under the charge of the court, the issue was sub-

mitted to the jury whether this writing was procured by fraudulent representations, and the jury were substantially told by the court that if it was not fraudulently given, it concluded the defendants, and would be regarded as an acceptance by them of the outfit, which was sufficiently favorable to plaintiff. It is not necessary to set out in full this entire writing, or to say more concerning it than that it may be conceded that its effect was as stated by the court in the instruction above referred to.

Plaintiff objected to the introduction of any testimony to prove that this memorandum was procured by misrepresentation or fraud, and defendants were permitted to give evidence that one of their number signed the same upon the alleged misrepresentation that the other two defendants who were at that time using the machinery were satisfied with it, when in fact, as claimed, they were not satisfied, but objected to keeping it, and had expressed themselves to that effect to the same agent who procured the signature. The point of plaintiff's contention is that the facts showing the defense of fraud should have been specifically set forth in the answer, and defendants, not having pleaded such facts, cannot be permitted to prove them, which objection was overruled.

The defendants substantially allege in their answer that they had not accepted the machinery, and, if this was so, they could not reasonably be required to anticipate, without knowledge, that any instrument or paper procured by fraud would be produced against them to show they had accepted it; or, in other words, to disprove the existence of that which they did not admit, or could not, if their answer was true, meet without notice thereof. Had the plaintiff set forth the writing in which the defendant who signed it had expressed his satisfaction with the outfit, the duty to meet it in the answer, by alleging the fraud in its procurement, might be different; but under the allegations here, practically, of return on one side, and of acceptance on the other, without reference to the written evidence to prove either, the defendants could attack by any proper relevant proof such alleged fraudulent writing when it was offered in evidence. Adamson v. Wiggins, 45 Minn. 448, 48 N. W. 185.

There was evidence both for and against the issue that the ma-

chinery delivered to the defendants was retained by the latter longer than a reasonable time. This was undoubtedly a question for the jury upon the whole evidence; but, involved in this question, it appears that a subagent under Duffy went to the place where defendants were at work with this machinery, in response to a request to send an expert to make it work, which could not be done, and while there made statements to the effect that, if the outfit was kept a longer time, it could be made to work. This evidence was offered to explain the reason why the defendants did not return it sooner.

It is insisted that Duffy and his subagent were acting beyond their authority in this respect, but when this statement was made it was a question in the case whether the machinery had been accepted. If it had not been accepted under the terms of the contract, it was within Duffy's power to receive it back; hence such statements were proper to go to the jury on the issue whether it had been kept too long. Oster v. Mickley, 35 Minn. 245, 28 N. W. 710.

It is further claimed that the defendants, by turning over other machinery, a part of the consideration in the trade between the parties for the outfit, had accepted the same. The original consideration for the machinery was not only the seven hundred forty dollars for which suit was brought, but an old separator on which there was a stacker. This stacker was delivered to Duffy before the return at his request; but the defendants claim, and there was proof tending to show, that a letter was written by Duffy to them after the delivery of the machine, requesting them to turn over the stacker, and that if they would let him have it to dispose of to a third party, who wanted it immediately, in that case, if defendants did not keep the outfit, he (Duffy) would pay them for the stacker, upon which consideration it was turned over to him. This question was submitted to the jury, who found in favor of the defendants' claim that such part of the old machine was not turned over as part payment for the outfit. Transfer of a portion of the property agreed to be turned over under such conditions certainly could not conclude the defense upon the ground that they had accepted the outfit, and had made a part payment therefor; it does not seem to

us that it makes any difference whether Duffy was authorized by the company to accept the stacker or not, for the pith of this contention rests upon the fact that defendants turned over the stacker, not as an acceptance of the machinery, but only to oblige Duffy on a new agreement with him that did not necessarily control, if it did in fact modify, the original contract.

The only remaining contention on the part of the plaintiff which we think it necessary to mention is the effect of defendants' counterclaim. It is urged by plaintiff that the counterclaim amounts to an acceptance of the machinery. This is clearly a perversion of the defendants' rights under the written agreement upon which the outfit was delivered, and which must control. This agreement contains two distinct portions—The first, a provision for taking the machinery upon trial; and in the second, as consideration for the making of such agreement by the plaintiff, it was further agreed that, if the defendants would take the machinery on trial, plaintiff would furnish them a feeder for one hundred fifty dollars. In other words, for an expressed consideration on one side, there was an agreement to furnish certain property for a certain price on the other. The plaintiff was unable to furnish the feeder, and declined to do so. The defendants went into the market, and purchased it at the lowest price the market afforded, and paid sixty-five dollars more than the price which plaintiff agreed to deliver it to them for. Since this claim was supported by evidence on the part of defendants, they are entitled to recover the difference between what they had to pay for the feeder and what the plaintiff agreed to furnish it for, which is the full extent, as well as limit and scope, of the counterclaim; under the agreement upon which such conclusion is based, a suit for the difference in the agreed and the actual price of the machine does not constitute an acceptance of the threshing outfit; for it did not depend upon the retention of such outfit, but only upon the willingness of the defendants under their agreement to give the same a trial.

The case was fairly submitted upon sufficient evidence, and from the examination we have given to this record we are unable to find any substantial error either in the submission of the case to the jury or in the orders of the trial court upon the admission of evi-

dence, and the remaining assignments are not of sufficient merit to require specific notice or mention.

The order appealed from is affirmed.