### EDWARD CALDWELL *vs.* MARY C. BLANCHARD.

Suffolk.   March 8, 1906. — May 16, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Husband and Wife.   Agency.*

If a married woman buys household furniture of a dealer with whom she has credit and by her direction has it charged to her and sent to the house where she is living with her husband, in an action against her for the price of the furniture a jury can find that she was acting for herself and not as the agent of her husband.

CONTRACT by a dealer in household furniture against a married woman living with her husband for the price of certain articles of household furniture bought of the plaintiff at various times from March 26, 1897, to October 27, 1899, and for moving certain articles of furniture. Writ in the Municipal Court of the City of Boston dated September 17, 1903.

On appeal to the Superior Court the case was tried before *Stevens,* J. At the close of the evidence, the character of which is described in the opinion, the defendant asked the judge to order a verdict for the defendant on the ground that there was no evidence of a contract between the plaintiff and the defend-

ant to warrant a verdict for the plaintiff. The judge refused to rule as requested and submitted the case to the jury. The jury returned a verdict for the plaintiff in the sum of $109.63; and the defendant alleged exceptions.

*W. S. Thompson,* for the defendant.

*S. W. Mendum,* for the plaintiff.

BRALEY, J.   There was plenary evidence, the details of which it is unnecessary to recite, from which the jury could find that the defendant visited the plaintiff's store and purchased furniture at the prices set forth in the declaration, and also that subsequently she requested him to transport certain articles of furniture, which he accordingly did.   But it appears that at the time of these transactions she was a married woman living with her husband, and the principal argument of the defendant is that as her coverture was known to the plaintiff she must be held to have been acting as an agent for him, and there is no liability on her part to pay either for the furniture, or the charges for transportation. These circumstances, however, do not constitute a defence, for since Gen. Sts. c. 108, §§ 1 and 3, if a married woman purchases personal property on her own credit, though the goods may be delivered at the matrimonial residence, she binds herself personally to pay for them. *Spaulding* v. *Day,* 10 Allen, 96. *Labaree* v. *Colby,* 99 Mass. 559. *Allen* v. *Fuller,* 118 Mass. 402. *Nourse* v. *Henshaw,* 123 Mass. 96, 98. It is shown that the various articles were debited to her on the plaintiff's books of account, and this evidence was supplemented by testimony that at the time of the purchase the defendant directed that they should be so charged, and from the implied admission of the defendant on cross-examination, as well as from the general course of dealing between the parties, it also could have been found that at her request the plaintiff had moved the whole or a part of the furniture. This evidence was sufficient to support the refusal to rule that there was no evidence of an account between the parties as she was acting as agent for her husband, and justified the submission of the case to the jury. *James* v. *Spaulding,* 4 Gray, 451. *Isham* v. *Burgett,* 157 Mass. 546. *Gassett* v. *Glazier,* 165 Mass. 473, 480. *DeMontague* v. *Bacharach,* 187 Mass. 128.

*Exceptions overruled.*