## SADIE M. MUNZER v. A. G. PARKER.[1]

July 23, 1909.

Nos. 16,206—(191).

**Lease — Mistake in Habendum Void as Against Grant.**

> Action upon a written lease to recover the stipulated rent. Defense that the instrument was void for uncertainty, and that by an oral lease the lessor agreed to make certain repairs which were not made. Findings of fact and conclusions of law in favor of the plaintiff.
>
> *Held*, that a statement in the habendum of the lease repugnant to the term granted is void, that the lease was not void for uncertainty, that it evidenced the sole contract of the parties, and, further, that the findings of fact and conclusions of law are sustained by the evidence.

Action in the municipal court of Minneapolis to recover $105 for three months' rent. The allegations of the answer are stated in the first paragraph of the opinion. The case was tried before Charles L. Smith, J., who found in favor of plaintiff for the amount demanded. From an order denying defendant's motion for a new trial, he appealed. Affirmed.

[1] Reported in 122 N. W. 375.

*M. A. Jordan,* for appellant.
*Jonas Weil,* for respondent.

START, C. J.

This action was commenced in the municipal court of the city of Minneapolis to recover three months' rent claimed to be due upon a written lease to the defendant of the plaintiff's house in the city of Minneapolis. The complaint alleged that the plaintiff leased the premises by a written lease to the defendant for two years, for $35 a month, payable on the first day of each month, and, further, that the rent for the months of December, January, and February remained unpaid. The answer alleged that the only written lease was one of which a copy was made a part of the answer, and that it was void for uncertainty; that it was. a condition precedent to the lease going into effect that the furnace in the house should be repaired, the work to be done by F. Moore, upon whose workmanship the defendant relied, the dining room papered, and the kitchen painted, none of which was ever done by anyone; and, further, alleged a counterclaim for $35, a month's rent paid in advance. The reply admitted that one month's rent was paid, and denied the other new matter in the answer.

The issues were tried by the court without a jury, and findings of fact made to the effect following: The plaintiff, on October 19, 1907, leased his dwelling house to the defendant by a written lease executed by the parties for the term of twenty-two months from November 1, 1907, for the agreed rent of $35 a month, payable on the first day of each month; that the plaintiff agreed to fix the furnace and paper the dining room prior to November 1, 1907; that all repairs agreed to be made by the plaintiff were substantially done prior to the date named, except putting on a small piece of molding in the dining room, and that he complied with all the conditions on his part; and, further, that the rent claimed to be due by the complaint had not been paid. The conclusions of law were to the effect that the plaintiff was entitled to judgment for $105, with interest. The defendant appealed from an order denying his motion for a new trial.

The first question raised by the defendant is that the written lease was void for uncertainty; hence evidence of an oral agreement as to

the extent of the repairs to be made was admissible. The lease was dated and executed by the parties on October 19, 1907, and thereby the party of the first part, the plaintiff, demised the house to the party of the second part "for the term of two years from September 1, 1907, making lease 22 months from October 31, 1907," "to have and to hold the said premises just as they are, without any liability or obligation on the part of said lessor of making any alterations, improvements, or repairs of any kind on or about said premises, except as described below only, for the term of two years from November 1, 1907, for the following purposes, to wit: ·Family dwelling. Fix the furnace (work to be done by F. Moore). Paper the dining room. Painting the house in spring (five words inserted)." It is quite obvious on the face of the lease that the term was to expire two years as from September 1, 1907, instead of two years from November 1, 1907; but, as the lease was actually executed nearly two months after September first, and the rent was to be payable on the first of every month, the parties to the lease, to make their meaning clear, inserted in the lease the provision to the effect that the actual term was for twenty-two months, beginning on November 1, 1907.

In view of this express provision as to the term granted, it is evident that the statement in the habendum clause of the lease that the term was for two years from November 1, 1907, was a clerical mistake, and that September 1, 1907, was intended, as stated in the granting clause of the lease, and that oral evidence was properly received on the trial explaining how the mistake occurred. Reeves & Co. v. Cress, 80 Minn. 466, 83 N. W. 443. Again it appears upon the face of the lease that the term was for twenty-two months from October 31, 1907, as stated in the granting clause of the lease; for the statement in the habendum of the lease is on its face repugnant to the term granted, and therefore it is void. 4 Kent, Comm. 468; 13 Cyc. 551.

It follows that the written lease was not void for uncertainty, and that it was the only contract between the parties, and that the only repairs which the plaintiff was obligated to make before the lease became operative were, as stipulated in the lease, these: "Fix the furnace (work to be done by F. Moore). Paper the dining room." The

trial court found as a fact that the plaintiff did make such repairs prior to November 1, 1907. The defendant's contention is that this finding is not sustained by the evidence. We have examined the evidence as to this finding, and we are of the opinion that it is sufficient to sustain the finding. It is a fact that the furnace was not repaired by Mr. Moore, but by another party. This, however, was not a substantial part of the contract; for the essential matter was that the furnace should be repaired. It cannot be held, from the fact that it was stated parenthetically in the lease "work to be done by F. Moore," that it was a condition precedent that the repair should be made by him, and no one else, even if he were ill or dead, or declined for any cause to do the work.

The other assignments of error made by the defendant are without merit, in view of the fact that the written lease is valid and the only contract between the parties, whatever might have been the case if the written lease were void.

Order affirmed.