LYMAN B. BROOKS COMPANY *vs.* GEORGE L. WILSON.

Suffolk.     February 25, 1914. — May 26, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & CROSBY, JJ.

*Evidence,* Extrinsic affecting writings, Entries in books of account. *Contract,* In writing.

In an action to recover the price of certain printed blanks alleged to have been printed for the plaintiff by the defendant, it appeared that the defendant was an attorney at law and he contended that he had ordered the blanks in behalf of a client and that he was not liable therefor. It appeared that the defendant had filled in and signed an order blank for the plaintiff, describing the blanks ordered, he having written after the word "Collect," the figures "$92," after the letters "C.O.D." the word "Yes," and having signed his name after the words, "Ordered by." At the trial the defendant testified without objection that, before signing the order, in a telephone conversation he stated to the plaintiff his client's financial standing and that the plaintiff "must not look to him for payment of the bill, and that if the plaintiff took the order he must take it with that understanding." The judge ruled that the order was a contract signed by the defendant which bound him personally, and that the plaintiff could not discharge himself from liability by parol evidence. *Held,* that the judge's ruling was wrong because, the order containing no promise to pay but ending with the words "Ordered by," followed by the defendant's name, might be found not to contain the entire contract as to the transaction, so that the verbal arrangement might be shown in evidence and be given its full effect.

Since St. 1913, c. 288, providing that "an entry in an account kept in a book . . . shall not be inadmissible in any civil proceeding as evidence of the facts therein

stated because . . . it is hearsay or self-serving, if the court finds that the entry was made in good faith in the regular course of business and before the beginning of the civil proceeding aforesaid," a judge, before whom is being tried an action of contract for goods sold in which the defendant, an attorney at law, contends that his client and not he had contracted for the goods, properly may admit in evidence, after he has made the necessary findings as to the good faith and time of the entry, an entry in the plaintiff's book of account in which he had charged the goods to the defendant.

LORING, J.   This is an action against an attorney at law to recover the price due to the plaintiff for one thousand steel stock certificate blanks of the Eastern Coal Company, a Massachusetts corporation.

It appeared at the trial that the defendant had signed the order, a copy of which is set forth below.*   He there testified without objection that before this order was signed he had a talk over the telephone with the plaintiff's treasurer or manager, in which he

---

* The words in *italics* were written.   The other words were the words of the plaintiff's printed blank.

"Please Fill Out Order and Write Plainly.

,LYMAN B. BROOKS COMPANY,

Bank Check Manufacturers and Lithographers.

151 Franklin St.,            References;     { Bradstreets
Boston                                       { Beacon Trust Co.

Please furnish 1000 Steel Stock Certificates, Style No. Vol. 4 Incorporated under the laws of the State of *Massachusetts*
Name of Corporation        *Eastern Coal Company*

Do Not write CO. if you want COMPANY Is "THE" part of the title?

Capital stock        *$325000.00*

Amount of Preferred Stock *$250000*   Amount of Common Stock *$75000*
Shall preferred clauses print on Common Certificates?   *No.*
Par Value of Shares *$100.00*.   Full paid and Non-Assessable?   *Yes*
Commence Preferred Stock No. *P 1*   Commence Common Stock No. ——
State what Officers sign Certificate; *Pres & Treas.*
What City (if wanted)
Stock Ledger and Record Book.
Transfer Book — Receipts
Ship by                                      Express
If Seal is wanted write copy of same.
Deposit $                Collect *$92.00*      C. O. D.          *Yes.*
Ordered by               *Geo. L. Wilson*
Dated April 20, 1912.   Address *15 State Street*

                                    Ent 4/20/12   ≠379"

told the treasurer or manager about the financial standing of the Eastern Coal Company "and stated that the plaintiff must not look to him for payment of the bill, and that if they took the order they must take it with that understanding. . . . It was undisputed that the second lot of stock certificates (being the lot for the price of which the suit was brought) was sent to the defendant's office C.O.D. and that the defendant told the messenger to take the certificates back and keep them until the plaintiff got its money; and that thereafter the plaintiff voluntarily sent said certificates to the defendant's office and that they were received there in his absence and without his knowledge, and that they remained there in the same wrappings as when delivered, and had never been opened or used."

It further appeared in evidence that "this order was a printed form customarily used by the plaintiff, and when presented to the defendant all parts of the same except such as are underlined in the annexed copy were printed; and the figures '$92.00' after the word 'collect,' and the word 'yes' after the letters C.O.D. had been filled in by the plaintiff."

The judge* ruled "that this [order] was a contract signed by the defendant and which bound him personally and that they [he] cannot by parol evidence discharge himself from the liability — although there was a principal behind him."

The case is here on an exception to that ruling.

If the plaintiff's order blank had included the words "To be paid for," as well as "Ordered by," there would have been no question as to the correctness of the ruling. In that case the order would have been a reduction into writing of the whole agreement made. Where the defendant in terms agrees to pay he cannot show by parol evidence that he did not agree to pay. In *Simonds* v. *Heard*, 23 Pick. 120, and *Brown* v. *Bradlee*, 156 Mass. 28, (where it was held that the vendor could hold either the agent or the principal,) there were express words of promise in the writing signed by the agent. In such cases "The doctrine proceeds on the ground that the principal and agent may each be bound; the agent, because by his contract and promise he has expressly bound himself; and the principal, because it was a

---

* *Bell,* J.

contract made by his authority for his account." Shaw, C. J., in *Huntington* v. *Knox*, 7 Cush. 371, 374.

But if the defendant is to be believed, the case presented here is one where it was orally agreed between the plaintiff and the defendant that if the order in question was given, it was to be given by him as agent of the Eastern Coal Company, and that it was to be taken by the plaintiff as the order of the coal company on which the coal company alone was to be liable; and where, after that arrangement had been agreed upon by word of mouth, the plaintiff, pursuant to that oral agreement, presented to the defendant one of its order blanks to be filled in by the defendant (who was the agent) which did not contain any promise to pay but ended with the words "Ordered by." It is a case where the whole contract is not reduced to writing, but where a written order not undertaking to deal with the whole contract is given pursuant to an oral arrangement. It is settled that in such a case the oral arrangement can be shown in evidence. *Juilliard* v. *Chaffee*, 92 N. Y. 529. *Neal* v. *Flint*, 88 Maine, 72. *The Poconoket*, 70 Fed. Rep. 640. *Tufts* v. *Hunter*, 63 Minn. 464. *Babcock* v. *Deford*, 14 Kans. 408. The case at bar is particularly like *Bradstreet* v. *Rich*, 72 Maine, 233, where (as in the case at bar) the promise relied on was an implied as distinguished from an express promise. It was there said that in such a case the express promise made by parole could be shown in evidence. One of the terms orally agreed upon was as to the person who was to be liable for payment if the order was given. The written order does not deal with that term of the proposed trade. It seems to have been assumed in *Isham* v. *Burgett*, 157 Mass. 546, that the order there in question was not a reduction into writing of the whole contract, excluding evidence of the parol agreement as to who was to be liable for the goods ordered.

It follows that the exception to the ruling made by the judge must be sustained.

As the case is to go back for a new trial, it becomes necessary to pass upon the ruling of the judge admitting the entry in the plaintiff's books in which the plaintiff had charged the certificates to the defendant.

It is stated in the bill of exceptions that "the only question then [at the trial] open was the question of the defendant's per-

sonal liability, which was all that he contested." Under these circumstances it was settled law before the enactment of St. 1913, c. 288, that the entry in the plaintiff's books was not admissible. *Kaiser* v. *Alexander*, 144 Mass. 71. But it is provided by St. 1913, c. 288, that "an entry in an account kept in a book . . . shall not be inadmissible in any civil proceeding as evidence of the facts therein stated because . . . it is hearsay or self-serving, if the court finds that the entry was made in good faith in the regular course of business and before the beginning of the civil proceeding aforesaid."

The terms of St. 1913, c. 288, follow those used in R. L. c. 175, § 66. The former act must be held to make accounts admissible in evidence although they are self serving, provided they were made in good faith in the regular course of business and before the beginning of the court proceedings in question.

This is an exception to the general rule as to the admissibility of self-serving statements made by a party to an action in court. Why this exception should have been made is not apparent. Under this statute, if a party should make a self-serving statement in good faith by proclaiming it in public upon the housetops or including it in a number of letters published in the public prints, it is still inadmissible. But by this statute an exception to the general rule is made, and a self-serving entry in the plaintiff's private book of account known to no one but himself is made evidence of the facts there stated. What weight should be given to evidence of this kind in view of the general rule of the common law, is for the jury or the judge (if the case is tried without a jury) to decide. But the evidence has been made competent by the statute and cannot be objected to if offered in evidence.

*Exceptions sustained.*

The case was submitted on briefs.

*G. L. Wilson, pro se.*

*A. M. Schwarz & S. A. Dearborn,* for the plaintiff.