Pettingell, P. J.
Action of contract in which the plaintiffs seek to recover for goods sold and delivered. The answer is a general denial and payment.
The plaintiffs’ claim is divided, one part being for $48.66 against the defendant personally and the other for $114.00 for goods sold to a partnership of which the defendant was a member. The sale of the goods and partial payment for them was not in dispute.
The report contains only one issue of law, the admission in evidence of a certain book entry. No question of pleading is raised.
In 1944 the defendant and others organized a corporation. The defendant claimed that the deliveries of the merchandise in question were to the new corporation on its credit. The plaintiff, Adams, and the defendant were the only witnesses. The plaintiff testified that the defendant *56 did not ask for credit for the corporation, did not notify him that he was making the purchase for the corporation, that the monthly statements were sent to the partnership and that the amount was carried on the plaintiffs ’ boobs in the name of the partnership. The defendant offered a ledger sheet from the books of account kept in the regular course of business by the corporation, purporting to show that the corporation carried the account in question on its books. The plaintiff objected to the admission of the books of the corporation and claimed a report to the admission of the ledger sheet in evidence.
The report contains all the evidence material to the question reported.
The trial judge found for the plaintiffs in the amount of forty-eight dollars and sixty-six cents ($48.66) the amount due on the personal claim against the defendant, but disallowed the plaintiffs’ claim against the partnership for one hundred and fourteen dollars.
Proof of sales of goods, in which books of account were important evidence, was so difficult that independently of statute a practice grew up at common law based upon the exigencies of the occasion. Books of account were accepted as evidence of certain definite things. A plaintiff could by such books prove the sale and delivery of goods. Cogswell v. Dolliver, 2 Mass. 217, at 221-223. Mathes v. Robinson, 8 Met. 269, at 270, 271. Such an entry, however, was not evidence of the payment of money to a third person or of rent due for real estate. Prince v. Smith, 4 Mass. 455, at 459. Faunce v. Gray, 21 Pick. 243, 247.
Nor was the plaintiffs’ book of account admissible as proof that the merchandise sold and delivered was chargeable to the defendant. Keith v. Kibbe, 10 Cush. 25, at 26. Gorman v. Montgomery, 1 Allen 416. Dexter v. Booth, 2 Allen 559, at 562. Somers v. Wright, 114 Mass. 171, at 174. *57 Field v. Thompson, 119 Mass. 151, at 152. Kaiser v. Alexander, 144 Mass. 71, at 78.
It is apparent from the foregoing that before the Statute of 1913, c. 288, now G. L. (Ter. Ed.) e. 233, Section 78, next to be considered, the ledger sheet of the corporation, the issue in this case, would not have been admissible to prove on whose credit the goods were sold, the defendant’s or the corporation’s. There is, however, a more fundamental objection to the admission of the entry objected to.
The practice of offering books of account in evidence was a creature of the needs of the situation as will be seen by a study of the many cases, and the practice was definitely restricted. It grew up because of the difficulties experienced by plaintiffs in proving their cases. In Harwood v. Mulry, tried in 1857, 8 Gray 250, six earlier cases are- reviewed in each of which the books of a plaintiff were involved. In none of the cases discussed were the books of a defendant involved. But in Lyman B. Brooks Co. v. Wilson, 215 Mass. 205, after the statute, a defendant offered his office account to show a form of contract entered into which he produced as a defence that the goods ordered were to be charged to a third party. The trial judge had rejected it on the ground of Kaiser v. Alexander, supra, already mentioned, but the Supreme Judicial Court ruled that since the statute such a record was admissible to prove on whose credit the goods were sold.
The books in that case were those of the defeendant, a party. In the ease before us the record offered is not that of the plaintiff or the defendant, but that of a corporation, not a party, but entirely a stranger to the action. In Abbott v. Pearson, 130 Mass. 191, the only case we have been able to find in Massachusetts directly bearing on this point, the court held that the records of the Executive Committee of a partnership were not admissible to prove that the de *58 fendant was a partner, there being no evidence that he had ever attended any meeting of the partnership or had any knowledge of the records. The court said that until the defendant was shown to be a partner such entries were res inter alios, not admissible against the defendant.
“The general rule is that a person’s books of account cannot be used as evidence as between third persons. Entries in such books of account as to such third persons are res inter alios acta and cannot be used against persons not parties to them.” 20 American Jurisprudence, Evidence, Section 1077, Page 934.
‘£ Original entries in books of account made by a party to the suit or by his clerk are admissible. ’ ’ Simpson, “Massachusetts Law,” Sixth Edition, page 1241.
There is nothing in the cases at common law before the statute of 1913, or in those heard since the passage of that statute, which says that the books containing admissible entries may be those of persons not parties to the action.
The finding for the plaintiffs is to be vacated and the case is to stand for a new trial.